IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | NO. 3-02-CR-0401-K<br>NO. 3-05-CV-1285-K |
| EDUARDO RAMIREZ-VILLANUEVA | § § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Eduardo Ramirez-Villanueva, appearing *pro se*, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be dismissed on limitations grounds.

I.

Defendant pled guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) & (b)(2). Punishment was assessed at 84 months confinement followed by supervised release for a period of three years. His appeal was dismissed for want of jurisdiction. *United States v. Ramirez-Villanueva*, 76 Fed.Appx. 574, 2003 WL 22287535 (5th Cir. Oct. 6, 2003). Defendant now seeks post-conviction relief under 28 U.S.C. § 2255.

II.

In his sole ground for relief, defendant contends that his sentence was enhanced based on generic prior convictions not alleged in the indictment or determined by a jury as required by *Shepard v. United States*, ___ U.S. ___, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).

By order dated July 1, 2005, the court *sua sponte* questioned whether this case was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Defendant

was invited to address the limitations issue in a written reply, but failed to do so. The court now determines that this case should be summarily dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final. 28 U.S.C. § 2255.[1] However, the one-year limitations period is subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Defendant was sentenced to 84 months in prison for illegal reentry after deportation. His appeal was dismissed for want of jurisdiction on October 6, 2003. Defendant did not file a petition for writ of certiorari in the United States Supreme Court. Therefore, his conviction became final 90 days thereafter on January 4, 2004. *See United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000) (federal conviction becomes final upon expiration of time for filing petition for writ of certiorari). The instant motion was not filed until June 20, 2005--more than *17 months* later.

---

[1] The statute provides that the limitations period shall run from the latest of--

(A)  the date on which the judgment of conviction becomes final;

(B)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

(C)  the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In his motion, defendant points out that *Shepard* was not decided until March 7, 2005. However, in order to toll the AEDPA statute of limitations based on a new rule of constitutional law, the newly recognized right must be made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2255. Nothing in *Shepard* suggests that it applies retroactively. *See Vega v. Craig*, 2005 WL 1388872 at *2 (N.D.N.Y. Jun. 9, 2005) (holding that *Shepard* does not apply to cases already final); *Olivas-Guitierrez v. United States*, 2005 WL 1241871 at *4 (W.D. Tex. May 19, 2005) (same); *Langley v. United States*, 2005 WL 1114710 at *2 (M.D.N.C. May 5, 2005) (same); *Morales v. United States*, 2005 WL 807051 at *7 (D. Minn. Apr. 7, 2005) (same). Consequently, this case is time-barred and should be dismissed.

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside his sentence should be summarily dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 29, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE